IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES SHOWERS,
    Petitioner,

vs.                               Case No. 3:10cv271/LC/MD

DAVID MORGAN,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner commenced this action on July 29, 2010 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). He filed an amended petition on September 9, 2010, which was accompanied by a motion to proceed *in forma pauperis.* (Docs. 5, 6). On September 10, 2010, the court entered an order denying petitioner's motion to proceed *in forma pauperis*. (Doc. 7). Petitioner was directed to submit the $5.00 filing fee within twenty-eight days, and further directed to submit two service copies of his amended petition. Petitioner was warned that failure to comply with the order would result in a recommendation that this case be dismissed.

Petitioner did not comply with the order. Accordingly, on October 26, 2010, the court issued an order directing petitioner to show cause within fourteen days why this case should not be dismissed for failure to comply with an order of the court. That deadline has passed, and petitioner has neither responded to the order to show cause, nor complied with the court's September 10, 2010 order.

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court, and that the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of December, 2010.

/s/ *Miles Davis*
        MILES DAVIS
        UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**